**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  05-cr-00014-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MINOR MICHAEL STILL,
      a/k/a Michael Still,

      Defendant.

---

**ORDER CONCERNING DEFENDANT'S
PETITION FOR WRIT OF HABEAS CORPUS**

---

This matter is before me on the defendant, Minor Michael Still's, **Petition for Writ of Habeas Corpus** [#35], filed October 13, 2005.  The government has filed a response.  I deny the petition.

On June 24, 2005, I sentenced Still to a term of imprisonment of 36 months  on his conviction for falsely impersonating a federal officer or employee.  18 U.S.C. § 912.  Still also is serving sentences imposed by the Denver District Court for 1) two counts of being a habitual criminal and one count of theft, for which Still received a sentence of nine years imprisonment on July 14, 1998; and 2) attempted escape, for which Still received a sentence of two years imprisonment on March 28, 2005.  I have not ordered that Still's 36-month federal sentence be served concurrently with any of his pending state sentences.

After the June 24, 2005, sentencing hearing, Still was transported to a Colorado Department of Corrections (DOC) facility, and he continues to be housed in a DOC facility.  In his petition Still argues that he is being required to serve a consecutive sentence in violation of this court's orders at the June 24, 2005, sentencing hearing, and that he entitled to be housed in a federal prison facility.  Still asks that I order that he be transferred to a federal prison facility to serve his federal sentence, as I purportedly ordered at Still's sentencing hearing.  Still relies on my directive to the United States Marshal at the end of the sentencing hearing requiring that Still be transported "as soon as practicable, with all deliberate speed to the [Federal] Bureau of Prisons . . . ."  *Government's response*, Exhibit 4 (sentencing transcript), p. 19, ll. 10 - 11.

## I. JURISDICTION

Although Still does not rely specifically on a particular statute that provides for habeas corpus relief, I interpret his petition as a petition under 28 U.S.C. § 2241.  Still argues that his federal sentence is not being executed properly, and such a claim may be brought under § 2241.  ***Bradshaw v. Story***,  86 F.3d 164, 166 (10th Cir. 1996) (§ 2241 petition attacks the execution of a sentence rather than its validity).  I have jurisdiction over this matter under § 2241.

The government argues that this court does not have jurisdiction over Still's petition because Still has not named the Colorado DOC as a party in this case, yet he seeks and order directing the DOC to show cause why Still is incarcerated in the DOC rather than in a federal facility.  As the government notes, unless the DOC or one of its officials is named as a party and has been served with the petition, I do not have

jurisdiction to direct the DOC to do anything in this case.

However, I do have jurisdiction to ensure that Still's federal sentence is executed properly.  Although Still is in the physical custody of the state of Colorado, as a legal matter he is also in the custody of the federal government because he is subject to a federal sentence.  ***See, e.g., Peyton v. Rowe***, 391 U.S. 54, 64 - 65 (1968) (for the purpose of § 2241, petitioner is "in custody" on consecutive federal sentence which petitioner has not yet begun to serve).  The United States government is a party named in Still's petition, and is the proper party to defend the propriety of the manner in which Still's federal sentence is being executed.

## II.  ANALYSIS

Again, I have not ordered that Still's federal sentence run concurrently with his pending state sentences.  Under 18 U.S.C. § 3584(a), Still's federal sentence is presumed to be consecutive to his state sentences.  "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  ***Id***.  Still is not entitled to serve his federal sentence concurrently with his state sentences.  Still is subject to prison sentences imposed by two sovereigns, the federal government and the state of Colorado.  "The sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant."  ***Weekes v. Fleming***, 301 F.3d 1175, 1180 (10th Cir. 2002) (citations omitted).  "[T]he law of comity is such that . . . two sovereigns may decide between themselves which shall have custody of a convicted prisoner . . . ."  ***Id***. (quotation and citation omitted).  Still's state sentences were imposed before his federal sentence, and the state of Colorado has not exhausted its

remedy against Still.

My direction that Still be transported as soon as practicable and with all deliberate speed to the Federal Bureau of Prisons is, as the government notes, subject to Still's previously imposed state sentences.  Under the law outlined above, it is not practicable for Still to begin serving his federal sentence until he has served his previously imposed state sentences.

**THEREFORE, IT IS ORDERED** that defendant, Minor Michael Still's, **Petition for Writ of Habeas Corpus** [#35], filed October 13, 2005, is **DENIED**.

Dated December 20, 2005, at Denver, Colorado.

BY THE COURT:


s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge